RECEIVED
NOV 19 2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

**JUSTIN MICHAEL DOUGLAS,**
individually and as Adjudicated Natural Father
preserving the tolled federal claims of minor child
**F.L.D.** (born 2009),

Plaintiff,

v.

**JESSICA BAX,** Director, Missouri Department of Social Services, *in her official capacity only*;
**MELISSA L. PERRIS,** Chief Juvenile Officer, 23rd Judicial Circuit, *in her official capacity only*;
**FAMILY FORWARD,** a Missouri Nonprofit Corporation acting under color of state law;
**EMILY MATHEWS,** *in her individual capacity*;
**GLORIA SILPOCH,** *in her individual capacity*;
**KEVIN ROGERS,** *in his individual capacity*;
**MADELYN ZYCH,** *in her individual capacity*;
**CIERA SPINDLER,** *in her individual capacity*;
**LISA VOLMERT,** *in her individual capacity*;
**JESSICA FAULKNER,** *in her individual capacity*;
**TERESA STEIN,** *in her individual capacity*;
**MEGAN E. WEEKS,** *in her individual capacity*;
**DAVID C. CASEY,** *in his individual capacity (strictly for non-prosecutorial, sworn-affidavit, and evidence-suppression acts)*;
**NATHAN BAIRD STEWART,** *in his individual capacity (strictly for non-judicial, administrative, and ex parte concealment acts)*; and
**JOHN AND JANE DOES 1–10,** *in their individual capacities*,

Defendants.

**Case No.:** ____________________

**VERIFIED CIVIL RIGHTS COMPLAINT FOR DEPRIVATION OF CONSTITUTIONAL RIGHTS, CONSPIRACY, DECLARATORY RELIEF, AND DAMAGES**

*(42 U.S.C. §§ 1983, 1985(2)–(3), & 1988; U.S. Const. amends. I, IV, V, VII, IX, & XIV)*

**JURY TRIAL DEMANDED**
*(U.S. Const. amend. VII; Fed. R. Civ. P. 38(b))*

## VERIFIED CIVIL RIGHTS COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff **Justin Michael Douglas**, acting *pro se*, and brings this civil action pursuant to 42 U.S.C. §§ 1983, 1985(2)–(3), and 1988, and the First, Fourth, Fifth, Seventh, Ninth, and Fourteenth Amendments to the United States Constitution, seeking compensatory and punitive damages against individual and corporate state actors, as well as prospective declaratory and injunctive relief against official-capacity policymakers. In strict compliance with Federal Rule of Civil Procedure 5.2(a), minor children are identified herein solely by initials (**F.L.D.**, born 2009; non-party half-sibling **D.N.W.**, born 2022).

## I. NATURE OF THE ACTION

1. On October 11, 2022, a newborn infant (**D.N.W.**, born 2022)—who is *not* Plaintiff's biological child—was born with controlled substances in her system to Ashley Prescott and Ronald Wright Jr. Plaintiff lived separately, had no involvement in that pregnancy, and stood ready as a fit, non-offending father to care for his healthy 13-year-old daughter, **F.L.D.** (born 2009), who had zero prenatal exposure and zero evidence of abuse or neglect.

2. Despite possessing zero allegations of abuse or neglect against Plaintiff, zero Structured Decision Making ("SDM") safety assessment ("None known"), and zero pre-seizure judicial warrant, Missouri Children's Division and Juvenile Office actors executed a deceptive "kinship" drop-off on October 14, 2022, seized F.L.D. without a warrant or exigent circumstances on October 24, 2022, and on December 6, 2022 subjected Plaintiff to 94 minutes of courthouse-hallway encirclement and an unrecorded off-the-record recess after Plaintiff repudiated the proposed stipulation on the record ("Sort of" / "Not really").

3. Thereafter, Defendants suppressed Plaintiff's certified December 30, 2022 LabCorp DNA proof of 99.99% paternity for 1,364 calendar days; placed F.L.D. on June 29, 2023 in an Annada, Missouri kinship residence despite Plaintiff's express warning regarding an adult male resident with felony stalking and domestic-battery convictions; blocked Plaintiff's visitation for 708 total calendar days (686 days under a May 6, 2024 order conditioned on a nonexistent "phantom therapist"); and coordinated a secret shadow Probate Guardianship (Cause No. 25JE-PR00091) waiving a home study on February 18, 2025 directly inside a three-month window of repeated rape and firearm assaults against 15-year-old F.L.D.

4. Defendants further refused Plaintiff's February 28, 2025 emergency plea after F.L.D.'s hand was broken and her phone was confiscated to enforce a caseworker communication ban; stood silent in open court on March 17, 2025 with six days remaining on an unexpired summons before launching "Whereabouts Unknown" newspaper publication the next morning; refused legal medical consent for F.L.D.'s lifelong pediatric urologist Dr. Anand V. Palagiri, MD; subjected F.L.D. to unconsented psychotropics and an unnotified general-anesthesia VCUG diagnosing a 900 mL megacystis; concealed a May 2026 suicidal-ideation lockdown; filed a fabricated June 24, 2026 Termination of Parental Rights ("TPR") Study pasting 57 of Ronald Wright's missed drug screens under Ronald's literal header and claiming "no health concerns"; applied for "PUTATIVE FATHER" publication on July 17, 2026—24 hours after personally serving Plaintiff in open court on July 16, 2026; excluded Plaintiff from a September 28, 2026 physical four days after his September 24, 2026 Natural Father adjudication and TPR dismissal; and retaliated in November 2026 by terminating neutral community visits without emergency or hearing.

## II. JURISDICTION, VENUE, AND THRESHOLD FEDERAL DOCTRINES

5. **Subject-Matter Jurisdiction:** This Court has original federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)–(4), Article III, Section 2, and Article VI, Clauses 2–3 (Supremacy Clause) of the United States Constitution, because Plaintiff's claims arise under 42 U.S.C. §§ 1983, 1985(2)–(3), and 1988 and the United States Constitution. Declaratory and prospective injunctive relief are authorized under 28 U.S.C. §§ 2201–2202 and *Ex parte Young*, 209 U.S. 123 (1908).

6. **Venue:** Venue is proper in the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. § 1391(b)(1)–(2) and E.D. Mo. Local Rule 2.07(A)(1), because Defendant Family Forward maintains its corporate headquarters in St. Louis County (1167 Corporate Lake Drive, Saint Louis, MO 63132), and a substantial part of the events, omissions, fraudulent filings, and constitutional injuries occurred in Jefferson County, Lincoln County, Franklin County, Pike County, and St. Louis County, Missouri—all within the Eastern Division.

7. **Timeliness and Statutory Tolling:** Missouri's five-year personal-injury statute of limitations governs 42 U.S.C. § 1983 claims under RSMo § 516.120(4) and *Sulik v. Taney County*, 393 F.3d 765, 767 (8th Cir. 2005). Every act pleaded herein (October 14, 2022 through November 2026) falls within five years of filing. F.L.D.'s independent federal claims are statutorily tolled during minority pursuant to RSMo § 516.170 and *Brokaw v. Mercer County*, 235 F.3d 1000 (7th Cir. 2000), until five years after she reaches age 18 in September 2027.

8. **Inapplicability of *Rooker-Feldman* and Domestic Relations Exception:** Plaintiff does *not* ask this Court to review, reverse, or vacate any state juvenile custody judgment, nor does Plaintiff seek a federal child custody decree. Plaintiff sues strictly for independent constitutional torts, money damages, and prospective federal constitutional compliance. Both state proceedings involving service fraud—TPR Cause No. 26JE-JU00210 (dismissed in full September 24, 2026) and Probate Guardianship Cause No. 25JE-PR00091 (dismissed July 31, 2025)—have already been terminated without any adverse final judgment against Plaintiff. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

9. **Inapplicability of *Younger* Abstention & Bad-Faith Exceptions:** First, *Younger v. Harris*, 401 U.S. 37 (1971), does not apply to closed state proceedings (26JE-JU00210 and 25JE-PR00091). Second, under *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996), a federal court may not dismiss a § 1983 damages action on abstention grounds. Third, the bad-faith, harassment, and extraordinary-circumstances exceptions to *Younger* are independently satisfied by: (a) repeat sham newspaper publication in 2025 and 2026 immediately following open-court appearances; (b) a 133-plus-day refusal to set any hearing on Plaintiff's custody motion prior to March 4, 2027 (confirmed November 18, 2026 by the Juvenile Clerk), violating the 17-day prompt-hearing ceiling of *Whisman v. Rinehart*, 119 F.3d 1303 (8th Cir. 1997); and (c) the Missouri Office of Child Advocate's ("OCA") November 4, 2026 closed disposition letter (FACES #20222850459) terminating executive oversight after a single unsworn phone call with Defendant Jessica Faulkner—a "sham procedure" under *Brokaw v. Mercer County*, 235 F.3d 1000 (7th Cir. 2000).

10. **Precision Immunity Boundaries:** Judicial officers (Hon. Edward L. Page and Hon. Jeffrey Thomas Coleman) are excluded from this Complaint under *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986). Private individuals (including prior Annada caregiver Skylar Black and current placement caregiver Erica Wright) and independent law-enforcement witnesses (including Pike County Sheriff's Deputy Danielle L. Pliler / "Deputy Plyler") are excluded as Defendants. Defendants David C. Casey and Nathan Baird Stewart are sued strictly for non-prosecutorial, non-judicial, administrative, sworn-affidavit, and evidence-suppression acts stripped of absolute immunity under *Kalina v. Fletcher*, 522 U.S. 118 (1997), *Forrester v. White*, 484 U.S. 219 (1988), *Chrissy F. v. Mississippi Dept. of Public Welfare*, 925 F.2d 844 (5th Cir. 1991), and *Malik v. Arapahoe County DSS*, 191 F.3d 1306 (10th Cir. 1999). State child-welfare immunities cannot bar federal § 1983 liability. *Wallis v. Spencer*, 202 F.3d 1126, 1144 (9th Cir. 2000).

## III. PARTIES

11. **Plaintiff Justin Michael Douglas** is a citizen of the United States residing at 356 Turkey Roost Lane, Troy, Lincoln County, Missouri 63379. On September 24, 2026, following certified December 30, 2022 LabCorp genetic testing (Case No. C1D-059936; 99.99% probability of paternity; CPI 76,508,477 to 1), Plaintiff was judicially adjudicated Natural Father of minor child **F.L.D.** (born 2009). Plaintiff sues individually and gives express notice preserving F.L.D.'s tolled federal claims pursuant to RSMo § 516.170 and his accompanying Rule 17(c)(2) Motion.

12. **Defendant Jessica Bax** is the Director of the Missouri Department of Social Services ("DSS"), sued strictly in her *official capacity* for prospective declaratory and injunctive relief under *Ex parte Young*. Service address: Broadway State Office Building, 221 West High Street, P.O. Box 1527, Jefferson City, Missouri 65102.

13. **Defendant Melissa L. Perris** is the Chief Juvenile Officer for the 23rd Judicial Circuit of Missouri, sued strictly in her *official capacity* for prospective declaratory and injunctive relief under *Ex parte Young*. Service address: 23rd Judicial Circuit Juvenile Office, 300 Main Street / P.O. Box 100, Hillsboro, Missouri 63050.

14. **Defendant Family Forward** is a Missouri nonprofit corporation acting under color of state law pursuant to contract with Missouri DSS to administer state foster-care custody and case management, sued for unconstitutional corporate policies, practices, and customs under *Monell*. Service address: 1167 Corporate Lake Drive, Saint Louis, Missouri 63132-1716 (local office: 4626 Yeager Road, Hillsboro, Missouri 63050).

15. **Defendant Emily Mathews** is or was an Investigator for Missouri DSS Children's Division, sued in her *individual capacity* for the October 14, 2022 deceptive "kinship" drop-off and October 24, 2022 warrantless seizure of F.L.D. Service address: Missouri DSS Children's Division, 10325 Business 21, Suite 200, Hillsboro, Missouri 63050.

16. **Defendant Gloria Silpoch** is or was a Caseworker for Missouri DSS Children's Division, sued in her *individual capacity* for the October 24, 2022 warrantless seizure, December 6, 2022 hallway coercion, suppression of certified DNA, and ignoring Plaintiff's June 2023 Annada stalking warnings. Service address: Missouri DSS Children's Division, 10325 Business 21, Suite 200, Hillsboro, Missouri 63050.

17. **Defendant Kevin Rogers** is or was a Deputy Juvenile Officer for the 23rd Judicial Circuit, sued in his *individual capacity* for driving the October 14–24, 2022 warrantless detention and placement transfer without probable cause or investigation. Service address: 23rd Judicial Circuit Juvenile Office, 300 Main Street / P.O. Box 100, Hillsboro, Missouri 63050.

18. **Defendant Madelyn Zych** is or was a Foster Care Case Manager for Family Forward, sued in her *individual capacity* for procuring the May 2024 "phantom therapist" blackout, banning F.L.D. from texting Plaintiff, refusing the February 28, 2025 emergency FST demand, and signing the swapped March 10, 2025 Study concealing Cause No. 25JE-PR00091. Service address: Family Forward, 4626 Yeager Road, Hillsboro, Missouri 63050.

19. **Defendant Ciera Spindler** is or was a Foster Care Associate Supervisor for Family Forward, sued in her *individual capacity* for supervising Defendant Zych and co-signing the swapped March 10, 2025 Study concealing Cause No. 25JE-PR00091 while recommending Annada guardianship during active assaults. Service address: Family Forward, 4626 Yeager Road, Hillsboro, Missouri 63050.

20. **Defendant Lisa Volmert** is a Lead Supervisor for Family Forward, sued in her *individual capacity* for supervisory oversight of the 2024 visitation cutoff, Annada placement supervision, and retaliatory November 2026 grievance and visitation handling. Service address: Family Forward, 4626 Yeager Road, Hillsboro, Missouri 63050.

21. **Defendant Jessica Faulkner** is a Foster Care Case Manager for Family Forward, sued in her *individual capacity* for obstructing Dr. Palagiri's medical consent, waving off the June 23, 2025 Union Police check, concealing the May 2026 suicide plan, falsifying the June 24, 2026 TPR Study, faxing a superseded TPR order to Mercy Health, and executing the retaliatory November 2026 visitation cutoff. Service address: Family Forward, 4626 Yeager Road, Hillsboro, Missouri 63050.

22. **Defendant Teresa Stein** is a Foster Care Associate Supervisor for Family Forward, sued in her *individual capacity* for approving the June 23, 2025 wellness wave-off, premature March 20, 2026 TPR referral, falsified June 24, 2026 Study, and November 2026 visitation termination. Service address: Family Forward, 4626 Yeager Road, Hillsboro, Missouri 63050.

23. **Defendant Megan E. Weeks** is a Deputy Juvenile Officer for the 23rd Judicial Circuit, sued in her *individual capacity* for driving the obsolete-address TPR summons, "John Doe" and "Putative Father" publication fraud after open-court personal service, and Rule 123.08 evidence suppression. Service address: 23rd Judicial Circuit Juvenile Office, 300 Main Street / P.O. Box 100, Hillsboro, Missouri 63050.

24. **Defendant David C. Casey** is an Attorney for the 23rd Judicial Circuit Juvenile Office, sued in his *individual capacity* strictly for non-prosecutorial acts—specifically sworn false publication applications on May 21, 2026 and July 17, 2026 (24 hours after personally serving Plaintiff in open court on July 16, 2026) and suppression of medical and law-enforcement evidence. Service address: 23rd Judicial Circuit Juvenile Office, P.O. Box 100, Hillsboro, Missouri 63050.

25. **Defendant Nathan Baird Stewart** is a state-appointed Guardian ad Litem, sued in his *individual capacity* strictly for non-judicial, administrative, and *ex parte* concealment acts—specifically administrative visitation vetoes, the June 23, 2025 wellness wave-off, open-court silence on March 17, 2025 while Probate Summons 25-SMCC-386 remained unexpired, and filing an undisclosed July 28, 2025 CRIFS Memorandum. Service address: 473 Maple Street, Hillsboro, Missouri 63050.

26. **Defendants John and Jane Does 1–10** are unnamed Children's Division and Family Forward supervisors, FST members, and assisting officers who participated in the October 24, 2022 seizure, December 6, 2022 hallway coercion, refusal of the February 28, 2025 emergency FST, and unconsented 2025–2026 medical procedures, sued in their *individual capacities* and to be identified through discovery under Fed. R. Civ. P. 15(a).

## IV. STATEMENT OF VERIFIED FACTS

### A. Unrelated Infant Birth, Deceptive "Kinship" Drop-Off, and Warrantless Seizure (October 2022)

27. Prior to October 14, 2022, F.L.D. (born 2009) was a healthy 13-year-old 7th-grade student with a congenital right pelvic kidney (ICD-10: Q63.2) monitored since birth by Pediatric Urologist Dr. Anand V. Palagiri, MD, with Plaintiff's active involvement. An October 31, 2022 Mercy Clinic baseline physical by Dr. Jamie Marie Borgmann, MD confirmed F.L.D. was thriving at the 83rd percentile for weight, 95th percentile for height, and 64th percentile for BMI, with normal blood pressure and zero psychiatric diagnoses.

28. On October 11, 2022, Ashley Prescott gave birth to non-party infant half-sibling D.N.W. (born 2022), fathered by Ronald Wright Jr. D.N.W. tested positive at birth for methamphetamine, amphetamine, and Suboxone, generating Hotline Report #20222850459 assigned to Defendant Emily Mathews.

29. On October 14, 2022, the Juvenile Office (including Defendant Kevin Rogers) opened Cause No. 22JE-JU00484 for F.L.D. alongside D.N.W.'s Cause No. 22JE-JU00485 under the sole charge text: *"juv sibling born with drugs in her system."* In September 2026 sworn discovery responses, the Juvenile Office admitted there were zero allegations of abuse or neglect by Plaintiff against F.L.D. (Interrogatory #2), admitted *"None known"* regarding any pre-seizure SDM safety assessment as to Plaintiff (RFP #3), and refused to produce any pre-seizure judicial warrant (RFP #5).

30. On October 14, 2022, Defendant Mathews removed F.L.D. from Mother and delivered F.L.D. to Plaintiff's home under the deceptive representation of a temporary "kinship" placement without a warrant, assuring Plaintiff that a judge would "straighten it all out" the following week. On October 24, 2022, Defendants Mathews and Gloria Silpoch—acting with Defendant Rogers's placement-change filing and law-enforcement backing—seized F.L.D. without a prior judicial warrant, probable cause of parental abuse, or imminent danger of serious bodily injury, placing her with non-relative caregiver Erica Wright in Union, Missouri.

**B. December 6, 2022 Courthouse Coercion, Suppressed 99.99% DNA, and Drug-Screen Erasure**

31. On December 6, 2022, after Plaintiff spent two hours refusing to sign a false stipulation, Defendant Silpoch, her supervisor, Juvenile Office personnel, and John/Jane Does subjected Plaintiff and eyewitness Kimberly Jett to 94 minutes (1:00 PM to 2:34 PM) of courthouse-hallway encirclement, harassment, and threats of permanent loss of F.L.D. while Plaintiff repeatedly stated he would not sign. On the certified courtroom transcript, the Juvenile Office admitted D.N.W.'s case was merely "riding along" (p. 4:7–12), and Plaintiff openly repudiated the form on the record, answering *"Sort of"* (p. 5:10) and *"Not really"* (p. 5:16).

32. At that moment (p. 5:17–18), the court went off the record—a recess for which Certified Court Reporter Melissa Allen confirmed on November 6, 2026 zero audio exists—whereupon coercion continued off the record until Plaintiff returned and uttered robotic "Yes, sir" responses with zero mandatory Missouri Supreme Court Rule 124.06(c) trial-rights advisement. Under *Florida v. Bostick*, 501 U.S. 429 (1991), and *Blackburn v. Alabama*, 361 U.S. 199 (1960), such coerced acquiescence is void *ab initio*.

33. On December 8, 2022—the effective date of Missouri Constitution Article XIV, Section 2.5(8) barring custody or visitation limits based on lawful marijuana status—Plaintiff passed an observed 9-panel Averhealth drug screen (ID 21304162-018, 100% negative for illegal substances), which Defendant Faulkner later scrubbed from her June 24, 2026 TPR Study. After Plaintiff presented evidence of Averhealth's error rates on an unconfirmed February 24, 2023 test (22212198-019, "Level: N/A"), state actors officially unenrolled Plaintiff from Averhealth—a fact Defendant Zych admitted in writing on Page 3 of her March 10, 2025 Court Study.

34. On December 30, 2022, court-ordered chain-of-custody LabCorp genetic testing (Case No. C1D-059936) conclusively established Plaintiff's biological paternity of F.L.D. at **99.99%** (Combined Paternity Index: 76,508,477 to 1). Defendants suppressed that certified DNA proof for **1,364 calendar days** (until September 24, 2026), continuing to brand Plaintiff a "putative" father and publishing notices for "John Doe."

**C. Annada Placement, Ignored Stalking Warnings, and 708-Day "Phantom Therapist" Blackout**

35. On June 29, 2023, Children's Division moved 13-year-old F.L.D. into a non-blood kinship residence at 214 Main Street, Annada, Missouri 63330 (Pike County). Immediately upon placement, Plaintiff warned Defendant Silpoch and Children's Division that an adult male residing at that home had felony stalking and Indiana felony domestic-battery convictions (69D01-1808-F6-000186). State actors falsely denied he lived there, failed to verify safety, discharged F.L.D. from Compass counseling on July 7, 2023 with zero replacement therapist, and ignored a December 2023 suicidal social-media post.

36. In January 2024, Defendants executed Administrative Shuffle #1, transferring case management to Defendant Family Forward (Defendants Madelyn Zych, Ciera Spindler, and Lisa Volmert) and substituting Defendant Nathan Baird Stewart as Guardian ad Litem (January 19, 2024). Plaintiff's last pre-blackout visit occurred on April 14, 2024. On April 25, 2024, Family Forward submitted a Court Study bearing fabricated, reversed case numbers (23JE-JU00484 / 23JE-JU00485) recommending zero visitation.

37. On May 6, 2024—on two business days' notice—Defendants Zych, Stewart, and agency counsel procured an order suspending 100% of Plaintiff's contact conditioned *"upon recommendation of [F.L.D.]'s therapist"* while knowing F.L.D. had **no assigned therapist**. That "phantom therapist" barrier severed all parent-child contact for **708 total calendar days** (April 14, 2024 through March 23, 2026), including **686 calendar days** under the May 6, 2024 order, violating *Swipies v. Kofka*, 348 F.3d 701 (8th Cir. 2003), and Missouri DSS Child Welfare Manual Section 4.10.3.

**D. Secret Probate Guardianship (25JE-PR00091), Home-Study Waiver During Active Assaults, and Open-Court Service Fraud (Feb. – July 2025)**

38. Between January and April 2025, while 15-year-old F.L.D. remained isolated in Annada without a therapist or contact with her father, she suffered three months of repeated rape and assault with a firearm.

39. Directly inside that active assault window, on February 11, 2025, a secret shadow Probate Guardianship petition (Cause No. 25JE-PR00091, Jefferson County Division 2) was filed by the Annada caregiver (not named as a Defendant herein) listing F.L.D.'s address as **"CD DSS 10325 Bus Rt 21 Ste 200, Hillsboro, MO 63050"** and attaching a false Affidavit of Kinship, a coerced Consent of Minor, and a Motion for Waiver of Home Study. On February 18, 2025, an Order Waiving Home Study was entered and Defendant Stewart was appointed GAL (entering February 25, 2025), blocking any home inspection that would have uncovered the ongoing sexual and firearm violence.

40. In late February 2025, Defendant Zych forbade F.L.D. from texting Plaintiff. When F.L.D. suffered a broken hand and texted Plaintiff begging for help, her lifeline cell phone was physically confiscated (severing Life360 tracking) to enforce Defendant Zych's blackout. On February 28 and March 1, 2025, Plaintiff texted Defendant Zych warning of F.L.D.'s broken hand, confiscated phone, and danger, and demanding an emergency Family Support Team ("FST") meeting. On March 3, 2025, Defendant Zych refused, claiming the team was "unavailable" while secretly coordinating 25JE-PR00091.

41. On February 21, 2025, Probate Summons 25-SMCC-386 issued for Plaintiff with a due date of **March 23, 2025**. On March 5, 2025, special process returns marked both parents Non-Est exactly 51 seconds apart (12:05:46 and 12:06:37). On March 10, 2025, Defendants Zych and Spindler signed a swapped-caption Study (23JE-JU00484/485) recommending Annada guardianship while hiding Cause No. 25JE-PR00091 from Plaintiff. On March 13, 2025, an Order of Publication issued for "JUSTIN DOUGLAS, FATHER."

42. Four days later—on **March 17, 2025 at 10:00 AM**, with **six days remaining** before Summons 25-SMCC-386 expired—Plaintiff stood physically in Jefferson County Division 2 directly in front of Defendant Stewart and Family Forward (22JE-JU00484 Docket p. 7). Rather than serving Plaintiff with the unexpired summons or disclosing 25JE-PR00091, Defendant Stewart and Family Forward remained completely silent in open court and allowed "Whereabouts Unknown" newspaper publication to launch in *The Countian* the very next day (March 18, 2025).

43. On April 15–16, 2025, F.L.D. escaped Annada and disclosed the three months of rape and firearm assaults. Defendant Zych texted Plaintiff on April 16 confirming F.L.D.'s escape and relocation to Union, Missouri, and texted on April 18, 2025 confirming that the **Pike County Sheriff's Department and Children's Division** were leading the investigation under **Deputy Steven Kolthoff**—yet Defendants barred Plaintiff from speaking with F.L.D., falsely emailed him that she was "fine," and suppressed the investigation records in violation of Missouri Supreme Court Rule 123.08.

44. Locked out by Defendants, Plaintiff telephoned the Pike County Sheriff's Office (573-324-3202) on **Tuesday, April 29, 2025** to check on F.L.D.'s safety and Deputy Steven Kolthoff's investigation. At 6:30 PM that evening, independent law-enforcement witness **Deputy Danielle L. Pliler ("Deputy Plyler")**—not a Defendant herein—left a preserved 32-second voicemail returning Plaintiff's call and inviting him to speak directly with the Sheriff at 8:00 AM the next morning (verified by perpetual calendar under Fed. R. Evid. 201(b)(2), as 2025 is the only year from 2015–2030 in which April 29 fell on a Tuesday). Despite F.L.D.'s escape, Defendants kept 25JE-PR00091 open until Defendant Stewart filed a secret **CRIFS Memorandum to the Court** on July 28, 2025, 25JE-PR00091 was dismissed July 31, 2025, and an August 4, 2025 *ex parte* Permanency Order—entered with zero parents present—flipped F.L.D.'s permanency goal to Termination of Parental Rights and Adoption.

**E. Medical Neglect, Refused Specialist Consent, and Post-Adjudication Exclusion (2024 – Sept. 2026)**

45. Throughout state custody, **Missouri Children's Division and Defendant Family Forward alone** held authority over non-routine medical consents alongside intact parental rights (DSS Manual §§ 4.3.3, 4.4.3, 5.3.3); Plaintiff alleges zero fault against current placement caregiver Erica Wright. Between August 2024 and November 2025, Clarity Healthcare (MRN: 000000038868) administered Fluoxetine (20 mg), Trazodone (50–75 mg), and FDA Black-Box Atomoxetine/Strattera (60 mg) without Plaintiff's consent or mandatory DSS Forms CD-275 and CD-287.

46. Following Administrative Shuffle #2 in late April 2025 (assigning Defendants Jessica Faulkner and Teresa Stein), Children's Division and Family Forward failed and refused to sign legal medical consent for F.L.D.'s lifelong Pediatric Urologist, **Dr. Anand V. Palagiri, MD**—as Dr. Palagiri directly confirmed to Plaintiff by telephone—and instructed Dr. Palagiri to stop communicating with Plaintiff. May–June 2025 Mercy Clinic records (MRN: E1304087915) documented acute dysuria (3+ Blood, 1+ Protein), pyelonephritis workups, elevated liver enzymes and mild fibrosis elastography (1.38 m/s) before Pediatric Gastroenterologist Dr. Brendan R. Harris, MD, and a May 27, 2025 ultrasound showing an 8.6 cm cortical-scarred right pelvic kidney. On June 23, 2025, Defendants Faulkner, Stein, and Stewart exchanged emails waving off a Union Police wellness check while admitting nobody had eyes on F.L.D. and falsely claiming her health was "under control."

47. On July 8, 2025, Defendants permitted an unnotified general-anesthesia (30 mg IV Propofol) 12 Fr Foley catheter VCUG procedure (Mercy Acct #21203944666) diagnosing a **900 mL megacystis** with five pre-procedure safety checks left marked "Unknown," and then abandoned both the August 16, 2025 GI follow-up and November 2025 renal ultrasound. Defendants also concealed a May 5 and May 26, 2026 active suicidal-ideation safety plan (requiring sharps, ligatures, and medications to be locked up), even though resuming weekly visits with Plaintiff dropped F.L.D.'s PHQ-9 depression score from 10 down to 1.

48. Even **four days after** Plaintiff was adjudicated Natural Father on September 24, 2026, Defendants took 17-year-old F.L.D. for a September 28, 2026 Mercy Primary Care physical (Dr. Borgmann, ROI ID: 1992290687) with zero notice or consent from Plaintiff, documenting five active diagnoses (pelvic kidney, history of pyelonephritis, ADHD, anxiety state, insomnia), elevated blood pressure ($\geq$ 120/80, repeat monitoring ordered), dropped growth percentiles (51st percentile weight / 35th BMI compared to 83rd / 64th in October 2022), all medications discontinued including prophylactic Nitrofurantoin 100 mg, and zero 2026 urology follow-up—while blocking Plaintiff's MyMercy / MyChart proxy access.

**F. 103-Day Waitlist, Falsified TPR Study, Repeat Service Fraud, Dismissal, and Retaliation (Dec. 2025 – Nov. 2026)**

49. Although therapeutic visitation of one hour per week was authorized on December 10, 2025, Defendant Family Forward held Plaintiff on an internal waitlist for **103 calendar days** until March 23, 2026—and submitted a TPR referral on **March 20, 2026**, three days *before* permitting Plaintiff's first visit. On March 24, 2026, Family Forward falsely told Compass Health (p. 146) there was *"no report of involvement with law enforcement,"* erasing Deputy Steven Kolthoff's investigation and Deputy Plyler's callback.

50. On May 21, 2026, Defendants Megan E. Weeks and David C. Casey filed TPR Cause No. 26JE-JU00210 alleging "willful abandonment" (RSMo § 211.447.5(1)), sending Summons 26-JF03-32 to an address Plaintiff vacated in 2024 (returned Non-Est June 8, 2026: *"HASN'T LIVED THERE SINCE 2024"*) and publishing "JOHN DOE" ads in *The Reporter* (PO #152671). On June 24, 2026, Defendants Faulkner and Stein filed a falsified TPR Study claiming *"[F.L.D.] has no health concerns at this time"* (p. 2), admitting *"Justin Douglas has not broken any laws since the case opened"* (p. 20), erasing Plaintiff's passed 2022 drug screen, and pasting **57 Family Forward "No Show" drug screens** (67 total with 2023) directly under Ronald Wright's literal heading (*"Since moving to FamilyForward, Ronald's requested drug screen are as follows:"*, pp. 18–19).

51. On **July 16, 2026**, Plaintiff appeared in Division 10 and was **personally served in open court at 2:50:21 PM with Summons 26-JF03-42**. Yet **24 hours later, on July 17, 2026**, Defendants Casey and Weeks still applied for and obtained an Order of Publication branding Plaintiff a "PUTATIVE FATHER" in *The Reporter* (PO #153460, taxed July 22, 2026)—repeating the exact open-court publication fraud perpetrated in 25JE-PR00091 on March 17–18, 2025.

52. On September 24, 2026, TPR Cause No. 26JE-JU00210 was dismissed in full and Plaintiff was adjudicated Natural Father. Defendants escalated retaliation: on October 19, 2026 Defendant Stewart filed an unserved continuance; on October 28, 2026 Defendant Faulkner faxed a superseded April 27, 2026 TPR order to Mercy Health 34 days post-dismissal; on October 29, 2026 Plaintiff's Custody Motion was pushed over four months to March 4, 2027 (zero interim hearings confirmed November 18, 2026); on November 4, 2026 OCA closed FACES #20222850459 after one unsworn phone call with Defendant Faulkner (countered by Plaintiff's November 5, 2026 Formal Objection & § 1983 Litigation Hold); and on November 10, 2026 Defendants Faulkner, Stein, and Family Forward—without emergency or prompt hearing, violating the August 4, 2025 Order and DSS Manual § 4.10.3—terminated neutral community FES visits, confined Plaintiff to one hour per week inside adverse witness Faulkner's office, blocked 17-year-old F.L.D.'s Missouri Driver's Permit (RSMo § 302.130), and missed Faulkner's November 13, 2026 portal deadline.

## V. CLAIMS FOR RELIEF

### COUNT I — 42 U.S.C. § 1983: WARRANTLESS SEIZURE & COERCED CONSENT (4TH & 14TH AMENDMENTS)

*(Against Defendants Emily Mathews, Gloria Silpoch, Kevin Rogers, and John & Jane Does 1–10)*

53. Plaintiff incorporates Paragraphs 1–52. Defendants Mathews, Silpoch, Rogers, and Does 1–10 violated clearly established Fourth and Fourteenth Amendment rights by seizing F.L.D. on October 14 and October 24, 2022 without a judicial warrant, exigent circumstances, SDM safety assessment, or particularized probable cause regarding Plaintiff (*Ybarra v. Illinois*, 444 U.S. 85 (1979); *Whisman v. Rinehart*, 119 F.3d 1303 (8th Cir. 1997); *Webster v. Westlake*, 41 F.4th 1004 (8th Cir. 2022); *Brokaw v. Mercer County*, 235 F.3d 1000 (7th Cir. 2000); *Good v. Dauphin County*, 891 F.2d 1087 (3d Cir. 1989); *Wooley v. City of Baton Rouge*, 211 F.3d 913 (5th Cir. 2000)), and by procuring an unlawful December 6, 2022 stipulation via 94 minutes of hallway intimidation and unrecorded off-the-record coercion (*Florida v. Bostick*, 501 U.S. 429 (1991); *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973); *Croft v. Westmoreland County*, 103 F.3d 1123 (3d Cir. 1997)).

### COUNT II — 42 U.S.C. § 1983: DELIBERATE INDIFFERENCE TO FOSTER SAFETY & BODILY INTEGRITY (14TH AMENDMENT)

*(Against Defendants Gloria Silpoch, Madelyn Zych, Ciera Spindler, Lisa Volmert, Nathan Baird Stewart [Non-Judicial Acts], Family Forward, and John & Jane Does 1–10)*

54. Plaintiff incorporates Paragraphs 1–53. Having placed F.L.D. in involuntary state foster custody, Defendants owed a clearly established Fourteenth Amendment duty to provide adequate protection, supervision, and bodily integrity (*Norfleet v. Arkansas DHS*, 989 F.2d 289, 293 (8th Cir. 1993); *Yvonne L. v. New Mexico DHS*, 959 F.2d 883 (10th Cir. 1992); *K.H. through Murphy v. Morgan*, 914 F.2d 846 (7th Cir. 1990); *Nicini v. Morra*, 212 F.3d 798 (3d Cir. 2000)). Defendants acted with deliberate indifference shocking the conscience by placing F.L.D. in Annada over Plaintiff's stalking/domestic-battery warnings, ending therapy, enforcing a communication ban leading to phone confiscation after her hand was broken, refusing Plaintiff's February 28, 2025 emergency FST demand, and coordinating the February 18, 2025 home-study waiver in 25JE-PR00091 during active rape and firearm assaults.

### COUNT III — 42 U.S.C. § 1983: MEDICAL NEGLECT, REFUSED SPECIALIST CONSENT, & PARENTAL MEDICAL EXCLUSION (14TH AMENDMENT)

*(Against Defendants Jessica Faulkner, Teresa Stein, Madelyn Zych, Ciera Spindler, Family Forward, Jessica Bax [Official Capacity], and John & Jane Does 1–10)*

55. Plaintiff incorporates Paragraphs 1–54. Acting exclusively under state and contracted agency authority (with zero fault attributed to current caregiver Erica Wright), Defendants violated clearly established Fourteenth Amendment rights of bodily integrity, foster medical care, and parental medical decision-making (*Norfleet*, 989 F.2d at 293; *Parham v. J.R.*, 442 U.S. 584 (1979); *Wallis v. Spencer*, 202 F.3d 1126, 1141 (9th Cir. 2000)) by refusing legal consent for Dr. Anand V. Palagiri, MD and gagging him from speaking with Plaintiff; administering FDA Black-Box psychotropics without parental consent or DSS Forms CD-275/CD-287; permitting an unnotified Propofol VCUG diagnosing a 900 mL megacystis with five "Unknown" safety checks and abandoning GI/renal follow-ups; concealing the May 2026 suicide safety plan; and excluding adjudicated Natural Father from the September 28, 2026 Mercy physical and MyChart access.

## COUNT IV — 42 U.S.C. § 1983: RETALIATORY VISITATION DEPRIVATION & INTERFERENCE WITH FAMILIAL ASSOCIATION (1ST & 14TH AMENDMENTS)

*(Against Defendants Madelyn Zych, Ciera Spindler, Lisa Volmert, Jessica Faulkner, Teresa Stein, Kevin Rogers, Nathan Baird Stewart [Non-Judicial Vetoes], Family Forward, and Jessica Bax & Melissa L. Perris [Official Capacities])*

56. Plaintiff incorporates Paragraphs 1–55. Plaintiff and F.L.D. hold clearly established First, Ninth, and Fourteenth Amendment liberty interests in familial association and visitation (*Troxel v. Granville*, 530 U.S. 57 (2000); *Stanley v. Illinois*, 405 U.S. 645 (1972); *Santosky v. Kramer*, 455 U.S. 745 (1982); *Swipies v. Kofka*, 348 F.3d 701 (8th Cir. 2003); *Elrod v. Burns*, 427 U.S. 347 (1976)). Defendants infringed those rights and retaliated against Plaintiff's First Amendment petitioning via the 708-day "phantom therapist" contact blackout, the 103-day FES waitlist followed three days early by a TPR referral, the 133-plus-day hearing delay, and the November 10, 2026 unilateral termination of neutral community FES visits defying the August 4, 2025 Order and DSS Manual § 4.10.3.

## COUNT V — 42 U.S.C. § 1983: FABRICATED REPORTS, REPEAT SHAM SERVICE FRAUD, & EVIDENCE SUPPRESSION (1ST & 14TH AMENDMENTS)

*(Against Defendants David C. Casey [Non-Prosecutorial Acts], Megan E. Weeks, Nathan Baird Stewart [Non-Judicial Acts], Jessica Faulkner, Teresa Stein, Madelyn Zych, Ciera Spindler, and Family Forward)*

57. Plaintiff incorporates Paragraphs 1–56. Fabricating child-welfare reports, procuring *ex parte* orders via material omissions, submitting sworn false publication affidavits after open-court appearances or personal service, and suppressing exculpatory medical and police records violate clearly established Due Process and Court-Access rights and strip absolute and qualified immunity (, 920 F.2d 673 (10th Cir. 1990); , 191 F.3d 1306 (10th Cir. 1999); , 181 F.3d 657 (5th Cir. 1999); , 925 F.2d 844 (5th Cir. 1991); , 868 F.2d 9 (1st Cir. 1989); , 522 U.S. 118 (1997)). Defendants violated these rights via the March 17–18, 2025 25JE-PR00091 publication fraud, suppression of Deputy Steven Kolthoff's and Deputy Plyler's Pike County Sheriff records, Stewart's concealed July 28, 2025 CRIFS Memorandum, Faulkner and Stein's falsified June 24, 2026 Study (57 Ronald Wright "No Shows" and "no health concerns"), Casey and Weeks's July 17, 2026 "PUTATIVE FATHER" publication order 24 hours after personally serving Plaintiff in court on July 16, 2026, and Faulkner's October 28, 2026 fax of a superseded TPR order to Mercy Health.*Snell v. TunnellMalik v. Arapahoe County DSSMorris v. DearborneChrissy F. v. Miss. DPWGermany v. VanceKalina v. Fletcher*

**COUNT VI — 42 U.S.C. § 1985(2)–(3): CONSPIRACY TO OBSTRUCT JUSTICE & DEPRIVE CONSTITUTIONAL RIGHTS**

*(Against All Individual-Capacity Defendants and Defendant Family Forward)*

58. Plaintiff incorporates Paragraphs 1–57. Two or more Defendants agreed and committed coordinated overt acts to obstruct justice in Missouri courts and injure Plaintiff for lawfully enforcing his parental and constitutional rights—including coordinated personnel shuffles erasing institutional memory, synchronized June 23, 2025 emails waving off Union Police, coordinated concealment of 25JE-PR00091 on March 17, 2025, synchronized July 28–August 4, 2025 dismissal and *ex parte* TPR conversion, and coordinated October–November 2026 retaliation.

**COUNT VII — 42 U.S.C. § 1983: CORPORATE CUSTOM LIABILITY (*MONELL*) & PROSPECTIVE RELIEF (*EX PARTE YOUNG*)**

*(Against Defendant Family Forward and Official-Capacity Defendants Jessica Bax & Melissa L. Perris)*

59. Plaintiff incorporates Paragraphs 1–58. Defendant Family Forward performed an exclusively public state foster-care function under color of state law and maintained official customs and deliberate failure-to-train practices—personnel shuffling, copy-paste attribution of non-party drug screens, unilateral visitation cuts without hearing, and parental medical gatekeeping—that were the moving force behind Plaintiff's and F.L.D.'s injuries. Official-capacity Defendants Bax and Perris oversee ongoing customs requiring prospective declaratory and injunctive relief.

**COUNT VIII — PRESERVATION OF MINOR CHILD F.L.D.'S TOLLED FEDERAL CLAIMS**

*(Against All Defendants — 42 U.S.C. § 1983, RSMo § 516.170, Fed. R. Civ. P. 17(c)(2), & Brokaw v. Mercer County)*

60. Plaintiff incorporates Paragraphs 1–59. Minor child F.L.D. (born 2009) holds independent Fourth and Fourteenth Amendment rights to family integrity, foster-care bodily security, and adequate medical care (*Brokaw*, 235 F.3d 1000; *Norfleet*, 989 F.2d at 293; *Ward v. City of San Jose*, 967 F.2d 280 (9th Cir. 1992)). Because a *pro se* parent cannot litigate a minor's claims without counsel, Plaintiff expressly preserves F.L.D.'s claims under RSMo § 516.170 tolling and moves separately under Fed. R. Civ. P. 17(c)(2) for independent, conflict-free counsel or next friend.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Justin Michael Douglas respectfully requests judgment against Defendants as follows:

A. A **Declaratory Judgment** (28 U.S.C. § 2201) declaring that Defendants' warrantless seizure, coerced stipulation, 708-day "phantom therapist" blackout, Annada home-study waiver and failure to protect, refusal of specialist medical consent and post-adjudication medical exclusion, repeat sham newspaper publication, evidence suppression, and retaliatory November 10, 2026 FES termination violated the First, Fourth, Fifth, Ninth, and Fourteenth Amendments;

B. **Prospective Injunctive Relief** against official-capacity Defendants Jessica Bax and Melissa L. Perris and Defendant Family Forward prohibiting unilateral non-emergency visitation reductions without prompt hearing, mandating parental medical-record disclosure and consent notice under *Parham* and *Wallis*, and prohibiting reliance on fabricated non-party drug screens;

C. **Compensatory Damages** against all Individual-Capacity Defendants and Defendant Family Forward, jointly and severally, in an amount to be determined by a jury;

D. **Punitive Damages** against all Individual-Capacity Defendants and Defendant Family Forward for willful, reckless, and callously indifferent deprivations of clearly established federal rights (*Smith v. Wade*, 461 U.S. 30 (1983));

E. Appointment of independent, conflict-free counsel or next friend for F.L.D. under Fed. R. Civ. P. 17(c)(2), or express preservation of F.L.D.'s tolled claims under RSMo § 516.170;

F. Reasonable costs and statutory attorneys' fees should counsel appear (42 U.S.C. § 1988); and

G. Such other and further relief as the Court deems just and proper.

## VII. DEMAND FOR TRIAL BY JURY

Pursuant to the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38(b), Plaintiff demands a **trial by jury** on all claims and issues so triable.

Justin Douglas